IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

| | |
|---|---|
| Scott Peters (M-52851),   ) | |
| ) | |
| Plaintiff,   ) | |
| ) | Case No. 16 C 50326 |
| v.   ) | |
| ) | Judge Philip G. Reinhard |
| ) | |
| Kahlia Satkiewicz, et al.,   ) | |
| ) | |
| Defendants.   ) | |

## ORDER

Plaintiff's application for leave to proceed *in forma pauperis* [3] is denied without prejudice. Plaintiff is directed to either: (1) submit a complete application; or (2) pay the full statutory filing fee of $400.00. Additionally, plaintiff's complaint [1] is dismissed without prejudice for failure to state a claim. Plaintiff must submit a proposed amended complaint. Failure to comply with these directives by January 23, 2017 will result in summary dismissal of this case. The clerk is directed to send plaintiff a blank application to proceed *in forma pauperis*, an amended complaint form, a blank USM-285 form and instructions, along with a copy of this order. Plaintiff's petition for substitution of judge [5] is denied.

## STATEMENT

Plaintiff Scott Peters brings this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff asserts that on October 16, 2014, the defendants, whom plaintiff identifies as deputy sheriffs, the sheriff, and the County President of McHenry County, formed a conspiracy to frame him for attempted murder. Plaintiff asserts that they violated his rights by "not using practices designed to minimize risk of an unconstitutional situation by assaulting and attempting to enter/entering plaintiff's residence," fabricating evidence, withholding exculpatory evidence, and enlisting the state to maliciously prosecute him. Plaintiff alleges no facts in support of these assertions. Plaintiff has also moved for substitution of judge. He states that he fears that he will not receive a fair and impartial trial in this court because he believes that both this court and Magistrate Judge Iain D. Johnston are prejudiced against him. Plaintiff does not expound upon this belief.

Currently before the court are plaintiff's application for leave to proceed *in forma pauperis,* his complaint for initial review, and the petition for substitution of judge.

Plaintiff seeks leave to proceed without prepayment of the filing fee, *i.e.*, leave to proceed *in forma pauperis.* However, his application is incomplete and is denied without prejudice. The Prison Litigation Reform Act (PLRA) requires all prisoners to pay the full filing fee. *See* 28 U.S.C. § 1915(b)(1). If the prisoner is not able to prepay the fee, he may submit an application to proceed *in forma pauperis* to pay the fee with monthly deductions from his trust fund account. A prisoner seeking leave to proceed *in forma pauperis* must obtain a certificate from an authorized official stating the amount of money the prisoner has on deposit in his or her trust fund account. The prisoner also must "submit a certified copy of the trust fund account statement (or institutional equivalent) for the prisoner for the 6-month period immediately preceding the filing of the complaint . . . , obtained from the appropriate

1

official of each prison at which the prisoner is or was confined." 28 U.S.C. § 1915(a)(2). The court uses the information within the trust fund account statement to calculate and assess "an initial partial filing fee of 20 percent of the greater of—(A) the average monthly deposits to the prisoner's account; or (B) the average monthly balance in the prisoner's account." 28 U.S.C. § 1915(b)(1). After payment of that fee, the prisoner must "make monthly payments of 20 percent of the preceding month's income credited to [his] account," which is forwarded by the agency having custody of the prisoner each time the account balance exceeds $10. 28 U.S.C. § 1915(b)(2).

Here, plaintiff's application is deficient, and the court lacks the information necessary to calculate plaintiff's initial partial filing fee. Plaintiff's complaint is dated October 10, 2016 and his *in forma pauperis* application is dated October 6, 2016. The accompanying certification by a prison official, however, is dated March 8, 2016, approximately seven months before plaintiff signed his complaint. The application is therefore incomplete. It lacks a certification by an appropriate official at the prison to allow the court to calculate the initial partial filing fee for this case, *i.e.*, "a certified copy of the trust fund account statement (or institutional equivalent) for the prisoner for the 6-month period *immediately preceding* the filing of the complaint." 28 U.S.C. § 1915(a)(2) (emphasis added). Without this information, the court cannot properly calculate the initial partial filing fee, as required by the PLRA.

If, after considering the provisions of the PLRA, plaintiff wishes to proceed with this lawsuit, he must submit a renewed signed and completed application for leave to proceed *in forma pauperis*. The application must include a certified and complete copy of his trust fund statement showing his income for the six months immediately preceding the filing of his complaint. Alternatively, plaintiff may pay the full statutory filing fee of $400.00.

Plaintiff also must submit an amended complaint. Under 28 U.S.C. §§ 1915(e)(2) and 1915A(a), the court is required to screen *pro se* prisoners' complaints and dismiss the complaint, or any claims therein, if the court determines that the complaint or claim is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. *See Jones v. Bock,* 549 U.S. 199, 214 (2007); *Turley v. Rednour*, 729 F.3d 645, 649 (7th Cir. 2013).

Courts screen prisoner litigation claims in the same manner as ordinary Federal Rule of Civil Procedure 12(b)(6) motions to dismiss. *See Maddox v. Love*, 655 F.3d 709, 718 (7th Cir. 2011). A motion under Rule 12(b)(6) challenges the sufficiency of the complaint. *See Hallinan v. Fraternal Order of Police of Chi. Lodge No. 7*, 570 F.3d 811, 820 (7th Cir. 2009). Under Rule 8(a)(2), a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The short and plain statement under Rule 8(a)(2) must "give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555 (2007) (citation omitted). Under the federal notice pleading standards, a plaintiff's "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Id.* at 555. Put differently, a "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly,* 550 U.S. at 570).

"In reviewing the sufficiency of a complaint under the plausibility standard, [courts] accept the well-pleaded facts in the complaint as true." *Alam v. Miller Brewing Co.,* 709 F.3d 662, 665-66 (7th Cir. 2013). Courts also construe *pro se* complaints liberally. *See Erickson v. Pardus,* 551 U.S. 89, 94 (2007) (per curiam).

Here plaintiff may conceivably have actionable claim(s); however, plaintiff's complaint does not satisfy federal pleading requirements. "Labels, conclusions, and "naked assertions devoid of further

factual enhancement" are insufficient to state a claim. *Id.* at 678 (internal quotation marks and citations omitted). Although a complaint does not need detailed factual allegations, the factual allegations in a complaint must be enough to raise a right to relief above the speculative level. *See Twombly,* 550 U.S. at 555. Plaintiff's complaint contains very few facts and, instead, is comprised largely of legal conclusions and naked assertions. For example, plaintiff's allegation such as "Defendants violated Plaintiffs due process right to a fair trial by deliberately withholding exculpatory evidence, fabricating evidence and misrepresentation of evidence" is nothing but legal conclusions and conclusory assertions without factual support. This and plaintiff's other allegations are too vague to put any defendant on notice of what conduct he or she engaged in that caused plaintiff's alleged constitutional deprivation. Plaintiff does not describe the circumstances surrounding his arrest or identify any evidence that was allegedly withheld or fabricated. Although plaintiff is not required to engage in fact pleading, he must plead some facts that demonstrate it is plausible that his Fourth Amendment and/or due process rights were violated. Accordingly, plaintiff must submit an amended complaint, if he wants to proceed with this lawsuit.

Before doing so, plaintiff should perform additional legal research into whether his claims are viable. For example, the statute of limitations for a Fourth Amendment false arrest claim begins to run at the time of the arrest. *See Wallace v. Kato*, 549 U.S. 384 (2007) (two-year limitations period for false arrest and false imprisonment claim accrues at the time of arrest and imprisonment and not at the time a plaintiff is released from custody); *see Evans v. Poskon*, 603 F.3d 362 (7th Cir. 2010). But a due process claim based either on the fabrication of evidence, *see Saunders-El v. Rohde*, 778 F.3d 556, 560 (7th Cir. 2015) (citing *Whitlock v. Brueggemann*, 682 F.3d 567, 580 (7th Cir. 2012)), or the withholding of exculpatory evidence, *Cairel v. Alderden*, 821 F.3d 823, 832 (7th Cir. 2016), likely will not begin to accrue – *i.e.*, is barred – until plaintiff's conviction resulting therefrom has been reversed on direct appeal, expunged by executive order, or declared invalid on habeas review. *See Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994). As explained by the Supreme Court in *Heck*, a § 1983 action for damages is barred if success in the suit would necessarily imply that a conviction or sentence is invalid. *Id.*; *see also Harris v. City of Chicago*, No. 14-CV-4391, 2015 WL 1331101, at *5 (N.D. Ill. Mar. 19, 2015) (citing *Saunders-El,* 778 F.3d 560-62) ("if substantive due process violations occur only when fabricated evidence is used at trial . . . then necessarily the claim accrues during the trial and implicates the validity of the conviction."); *Ellis v. City of Chicago*, No. 13 CV 2382, 2016 WL 212489, at *10 (N.D. Ill. Jan. 19, 2016) (a plaintiff's allegation that the defendant police officers fabricated evidence and provided false testimony went "to the heart of [his] state court conviction" and thus was premature under *Heck*); *Julian v. Hanna*, 732 F.3d 842, 849 (7th Cir. 2013) (*Brady* claim accrues when charges are dropped); *Johnson v. Dossey*, 515 F.3d 778, 781-82 (7th Cir. 2008) (*Brady* claim accrues when accused is acquitted). Here, plaintiff does not allege that his criminal conviction has been overturned, and this court's search on the IDOC's website reveals that plaintiff is in fact currently incarcerated on an attempted murder conviction – the conviction that appears to be at issue in the complaint. Thus, plaintiff's due process claims are likely barred while his conviction remains valid. And plaintiff cannot circumvent the *Heck* bar by claiming conspiracy because conspiracy is not an independent basis of liability in a § 1983 action. *Smith v. Gomez*, 550 F.3d 613, 617 (7th Cir. 2008). Similarly, to the extent that plaintiff seeks to bring a malicious prosecution claim based on Illinois law, he must allege, among other things, that the underlying criminal proceedings were terminated in his favor. *See*, *e.g.*, *Seiser v. City of Chicago*, 762 F.3d 647, 659 (7th Cir. 2014).

Plaintiff has also moved for a substitution of judge on the basis that this court and Magistrate Judge Johnston are prejudiced against him. Title 28 U.S.C. § 144 states that a party may file a "timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party [and] such judge shall proceed no further therein, but another judge shall be assigned to hear such proceeding;" *see also United States v. Sykes*, 7 F.3d 1331, 1338 n.10 (7th Cir. 1993). Similarly, 28 U.S.C. § 455(a), (b)(1) states that a judge or magistrate shall disqualify himself "[w]here he has a personal bias or prejudice concerning a party . . ." A plaintiff must

set forth "sufficient facts and reasons for the belief that bias or prejudice exists." 28 U.S.C. § 144; *Sykes*, 7 F.3d at 1338-1339. The alleged bias must be personal, resulting from an extra-judicial source. *Sykes*, 7 F.3d at 1339. Simple conclusions, opinions or rumors are insufficient. *Id.* Bias or prejudice cannot be inferred simply from adverse rulings. *Adkins v. C.I.R.*, 875 F.2d 137, 142 (7th Cir. 1989). "Bias cannot be inferred from a mere pattern of rulings by a judicial officer, but requires evidence that the officer had it in for the party for reasons unrelated to the officer's view of the law. . . ." *Keith v. Barnhart*, 473 F.3d 782, 789 (7th Cir. 2007). Here, plaintiff does not explain or expound upon his belief that this court is prejudiced against him. And plaintiff does not allege any extrajudicial source of bias on the part of the court. Plaintiff's petition for substitution of judge is thus denied.

In sum, if plaintiff wants to proceed with this lawsuit, he must, by the above-stated date: (1) either file an *in forma pauperis* application on the enclosed form with the information required by 1915(a)(2) or pay the full $400 filing fee; and (2) submit an amended complaint on the court's required form that complies with this order. The clerk will furnish plaintiff with an *in forma pauperis* application, an amended complaint form, a blank USM-285 form and instructions, along with a copy of this order. If plaintiff fails to comply with the above directives, the court will dismiss the case on the understanding that plaintiff does not wish to pursue this lawsuit.

Date: 11/22/2016				ENTER:

_____
United States District Court Judge

Docketing to Mail Notices. (RF)