IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

| | |
|---|---|
| Scott Peters (M-52851), ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> Kahlia Satkiewicz, et al., ) <br> ) <br> Defendants. ) | Case No. 16 C 50326 <br><br> Judge Philip G. Reinhard |

## ORDER

Plaintiff has submitted a motion [12] to reconsider the order dismissing this case for failure to comply with the court's orders. Because plaintiff submitted a renewed *in forma pauperis* application and an amended complaint, though late, the motion [12] is granted. The February 9, 2017 dismissal order [8] and judgment [9] are vacated. Plaintiff's application for leave to proceed *in forma pauperis* [11] is granted. The court orders the trust fund officer at plaintiff's place of incarceration to deduct $10.00 from plaintiff's account for payment to the Clerk of Court as an initial partial payment of the filing fee, and to continue making monthly deductions in accordance with this order. The Clerk of Court is directed to send a copy of this order to the trust fund officer at the Menard Correctional Center. However, summons shall not issue. The court has reviewed plaintiff's amended complaint [10] pursuant to 28 U.S.C. § 1915A and dismisses it for failure to state a claim. This case remains terminated. The dismissal counts as a "strike" under 28 U.S.C. § 1915(g). If plaintiff accumulates three dismissals under § 1915(g), he will not be able to file an action in federal court (except as a petition for habeas corpus relief) without prepaying the filing fee unless he demonstrates that he is in imminent danger of serious physical injury. *See* § 1915(g).

## STATEMENT

Plaintiff Scott Peters, who is incarcerated at the Stateville Correctional Center, brought this *pro se* civil rights action under 42 U.S.C. § 1983, claiming McHenry County sheriffs deputies violated his 4th Amendment rights during his October 2014 arrest.1 Specially, plaintiff

---

1 The court notes that plaintiff has filed a number of civil lawsuits against various officials in several jurisdictions following his 2014 arrest and subsequent conviction. *See Peters v. Butler et al.*, 16-cv-3082 (C.D. Ill.) (transferred to Southern District); *Peters v. Butler et al.*, 16-cv-3082 (S.D. Ill.); 17-1068 (7th Cir.) (denying petition for writ of mandamus); *Peters v. Baldwin et al.*, 17-cv-00529 (S.D. Ill.) (dismissed and strike imposed); *Peters v. McHenry County Corrections Officers et al*, 15-cv-07236 (N.D. Ill.); *Peters v. Baldwin et al.*, 17-cv-04809 (N.D. Ill.).

alleges as follows. On October 16, 2014, Deputy Sheriffs Maness, Satkiewicz, and Luna, acting on a phone call from outside of Illinois, "assaulted" his residence. [10] at 4. Plaintiff has attached an excerpt of a court transcript where Deputy Maness is testifying and states that he and the other deputies were dispatched to plaintiff's residence because they received a call from a third party who told them that they needed to check on a woman in the house because she was afraid her husband was going to kill her. *Id.* at 15. The officers did not attempt to make contact with the alleged victim or the residence. *Id.* at 4. The officers concealed their vehicles, disabled plaintiff's security cameras, and did not announce their presence. *Id.* They did not have a warrant. *Id.* An excerpt from grand jury testimony that is attached to plaintiff's complaint contains testimony from an unidentified witness who states that plaintiff discharged an assault rifle at the deputies as they entered. *Id.* at 8. Plaintiff names Deputy Sheriffs Maness, Satkiewicz, and Luna, as well as McHenry County Sheriff Ngyren, McHenry County President Gabbard, and McHenry County Sheriff's Department as defendants. Before the court are plaintiff's renewed *in forma pauperis* application and his amended complaint for initial review under 28 U.S.C. § 1915A.

Plaintiff's application for leave to proceed *in forma pauperis* demonstrates he cannot prepay the filing fee and is thus granted. Pursuant to 28 U.S.C. § 1915(b)(1), (2), the court orders: (1) plaintiff to immediately pay (and the facility having custody of him to automatically remit) $10.00 to the Clerk of Court for payment of the initial partial filing fee and (2) plaintiff to pay (and the facility having custody of him to automatically remit) to the Clerk of Court twenty percent of the money he receives for each calendar month during which he receives $10.00 or more, until the $350 filing fee is paid in full. The court directs the Clerk of Court to ensure that a copy of this order is mailed to each facility where plaintiff is housed until the filing fee has been paid in full. All payments shall be sent to the Clerk of Court, United States District Court, 219 South Dearborn Street, Chicago, Illinois 60604, attn: Cashier's Desk, 20th Floor, and shall clearly identify plaintiff's name and the case number assigned to this case.

Under 28 U.S.C. §§ 1915(e)(2) and 1915A(a), the court is required to screen *pro se* prisoners' complaints and dismiss the complaint, or any claims therein, if the court determines that the complaint or claim is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. *See Jones v. Bock,* 549 U.S. 199, 214 (2007); *Turley v. Rednour*, 729 F.3d 645, 649 (7th Cir. 2013).

Courts screen prisoner litigation claims in the same manner as ordinary Federal Rule of Civil Procedure 12(b)(6) motions to dismiss. *See Maddox v. Love*, 655 F.3d 709, 718 (7th Cir. 2011). A motion under Rule 12(b)(6) challenges the sufficiency of the complaint. *See Hallinan v. Fraternal Order of Police of Chi. Lodge No. 7*, 570 F.3d 811, 820 (7th Cir. 2009). Under Rule 8(a)(2), a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The short and plain statement under Rule 8(a)(2) must "give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555 (2007) (citation omitted). Under the federal notice pleading standards, a plaintiff's "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Twombly,* 550 U.S. at 555. Put differently, a "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that

is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly,* 550 U.S. at 570).

"In reviewing the sufficiency of a complaint under the plausibility standard, [courts] accept the well-pleaded facts in the complaint as true." *Alam v. Miller Brewing Co.,* 709 F.3d 662, 665-66 (7th Cir. 2013). Courts also construe *pro se* complaints liberally. *See Erickson v. Pardus,* 551 U.S. 89, 94 (2007) (per curiam).

"A warrantless entry into a private home constitutes a search and presumptively is unreasonable under the Fourth Amendment." *Leaf v. Shelnutt,* 400 F.3d 1070, 1081 (7th Cir. 2005); *United States v. Sabo*, 724 F.3d 891, 893 (7th Cir. 2013). But this presumption can be overcome by demonstrating that the entry falls within an exception to the warrant requirement. *See Michigan v. Fisher*, 558 U.S. 45, 47 (2009). One such exception is the "emergency aid doctrine," which is a subset of the "exigent circumstances" exception. *See United States v. Tepiew*, 859 F.3d 452 (7th Cir. 2017) (citing *Sutterfield v. City of Milwaukee*, 751 F.3d 542, 550 (7th Cir. 2014)). Pursuant to the emergency aid doctrine, warrantless entry is permitted "to render emergency assistance to an injured occupant or to protect an occupant from imminent injury." *Id.* (quoting *Kentucky v. King*, 563 U.S. 452, 460 (2011)). A 911 call regarding a domestic dispute, for example, can provide a reasonable basis for a search. *See Hanson v. Dane County*, 608 F.3d 335, 337 (7th Cir. 2010). The test is objective, and requires a court to determine whether the officer, given the facts that were known to him or her at the time, reasonably believed it was necessary to enter the home "to render assistance or prevent harm to persons or property within." *Tepiew*, 859 F.3d at 452 (quoting *Sutterfield,* 751 F.3d at 558).

Here the exhibits attached to plaintiff's amended complaint, which this court may consider at this stage, *see Tierney v. Vahle*, 304 F.3d 734, 738 (7th Cir. 2002), affirmatively demonstrate that the need to render emergency aid justified defendants' warrantless entry into plaintiff's home. A plaintiff may plead himself out of court by alleging facts that defeat his claim. *Atkins v. City of Chicago*, 631 F.3d 823, 832 (7th Cir. 2011); *Tamayo v. Blagojevich*, 526 F.3d 1074, 1086 (7th Cir. 2008). This rule applies to *pro se* plaintiffs: "[w]hile a *pro se* complaint is held to less stringent standards than formal pleadings drafted by lawyers, . . . a *pro se* complainant can plead himself out of court by pleading facts that undermine the allegations set forth in his complaint." *Henderson v. Sheahan,* 196 F.3d 839, 845–46 (7th Cir.1999) (internal citations and quotations omitted). The appended testimony from Officer Manses – that the officers entered the residence because they had received a phone call from a third party informing them that a woman in the house feared her husband was going to kill her – establishes that defendants had an objectively reasonable belief that an occupant of the home was in imminent danger. Plaintiff has not pleaded facts that suggest that the testimony was false, *i.e.,* he does not deny that the officers received the phone call, suggest that its substance differed from as described by Officer Manses, or suggest that reliance on the phone call was pretextual. And although plaintiff labels the phone call "hearsay," he has not pleaded any facts whatsoever that tend to undermine the reasonableness of the Officers' belief. There are no facts in the amended complaint that raise an inference that the caller was unreliable or otherwise suggest that the Officers' should have questioned the validity of the call. Plaintiff has therefore pleaded himself out of court on a claim arising from the warrantless entry of his home.

The court otherwise discerns no other viable claims pleaded in the amended complaint. Plaintiff states in his amended complaint that he "asserts" Title II of the Americans with Disabilities Act ("ADA") because he is "handicapped and cannot defend his home." To the extent this is an attempt to state a claim under the ADA, plaintiff has not done so. Under Title II, a public entity is prohibited from discriminating against a qualified individual "who, with or without reasonable modifications to rules, policies, or practices, . . . meets the eligibility requirements for the receipt of services of the participation in programs or activities provided by a public entity." 42 U.S.C. § 12131(2). To state a claim under Title II of the ADA, plaintiff must allege that he is a qualified individual with a disability and that he was denied benefits or discriminated against because of his disability. 42 U.S.C. § 12132. Discrimination is shown by establishing evidence "that (1) the defendant intentionally acted on the basis of the disability, (2) the defendant refused to provide a reasonable modification, or (3) the defendant's rule disproportionally impacts disabled people." *Washington v. Indiana High School Athletic Assoc., Inc.,* 181 F.3d 840, 846 (7th Cir. 1999). Here, plaintiff alleges without elaboration that he is "handicapped", but does not plead that he is a qualified individual with a disability. Plaintiff also does not identify the services, programs, or activities provided by McHenry County that he was eligible to receive, but was denied on the basis of a disability. Finally, plaintiff does not identify the discriminatory acts which would enable him to assert a claim under Title II. Accordingly, plaintiff has not stated an ADA claim.

Accordingly, this amended complaint is dismissed for failure to state a claim and because plaintiff has pleaded himself out of court on the only possible federal claim in the amended complaint (an unreasonable search), allowing plaintiff yet another opportunity to amend would be futile. The dismissal of this case counts as a "strike" under 28 U.S.C. 1915(g). If plaintiff accumulates three dismissals under 1915(g), he will not be able to file an action in federal court (except as a petition for habeas corpus relief) without prepaying the filing fee unless he demonstrates that he is in imminent danger of serious physical injury. *See* 1915(g). This case remains terminated.

Final judgment will be entered. If plaintiff wishes to appeal, he must file a notice of appeal with this court within thirty days of the entry of judgment. *See* Fed. R. App. P. 4(a)(1). If plaintiff appeals, he will be liable for the $505.00 appellate filing fee regardless of the appeal's outcome. *See Evans v. Ill. Dep't of Corr.*, 150 F.3d 810, 812 (7th Cir. 1998). If the appeal is found to be non-meritorious, plaintiff could be assessed another "strike" under 28 U.S.C. § 1915(g). If a prisoner accumulates three "strikes" because three federal cases or appeals have been dismissed as frivolous or malicious, or for failure to state a claim, the prisoner may not file suit in federal court without pre-paying the filing fee unless he is in imminent danger of serious physical injury. *Id.* If plaintiff seeks leave to proceed *in forma pauperis* on appeal, he must file a motion for leave to proceed *in forma pauperis* in this court. *See* Fed. R. App. P. 24(a)(1).

Plaintiff need not bring a motion to reconsider this court's ruling to preserve his appellate rights. However, if plaintiff wishes the court to reconsider its judgment, he may file a motion under Federal Rule of Civil Procedure 59(e) or 60(b). Any Rule 59(e) motion must be filed within 28 days of the entry of this judgment. *See* Fed. R. Civ. P. 59(e). The time to file a motion pursuant to Rule 59(e) cannot be extended. *See* Fed. R. Civ. P. 6(b)(2). A timely Rule 59(e)

motion suspends the deadline for filing an appeal until the Rule 59(e) motion is ruled upon.  *See* Fed. R. App. P. 4(a)(4)(A)(iv).  Any Rule 60(b) motion must be filed within a reasonable time and, if seeking relief under Rule 60(b)(1), (2), or (3), must be filed no more than one year after entry of the judgment or order.  *See* Fed. R. Civ. P. 60(c)(1).  The time to file a Rule 60(b) motion cannot be extended.  *See* Fed. R. Civ. P. 6(b)(2).  A Rule 60(b) motion suspends the deadline for filing an appeal until the Rule 60(b) motion is ruled upon only if the motion is filed within 28 days of the entry of judgment.  *See* Fed. R. App. P. 4(a)(4)(A)(vi).

Date: 7/11/2017         ENTER:

*Philip G. Reinhard*
United States District Court Judge

Docketing to Mail Notices. (LC)

5